[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

LASHIFY, INC.,

Plaintiff,

v.

QINGDAO LASHBEAUTY COSMETIC CO., LTD. d/b/a WORLDBEAUTY,

Defendant.

Civil Action No. 6:22-cv-00776-ADA-DTG

JURY TRIAL DEMANDED

LASHIFY, INC.,

Plaintiff,

v.

QINGDAO HOLLYREN COSMETICS CO., LTD. d/b/a HOLLYREN,

Defendant.

Civil Action No. 6:22-cv-00777-ADA-DTG

JURY TRIAL DEMANDED

[redacted]

**PLAINTIFF LASHIFY, INC.'S REPLY IN SUPPORT OF OPPOSED MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT WITNESSES DAVID GAL AND LANCE GUNDERSON CONCERNING FALSE PATENT MARKING AND COMPETITIVE INJURY**

[redacted]

Defendants do not challenge exclusion of Dr. Gal's opinions on statements made before March 17, 2018 or based on defendants' dismissed claims; that portion of Lashify's motion is unopposed. Mot. at 8.[1] Defendants contest exclusion of Dr. Gal's remaining opinions by: (1) mischaracterizing Dr. Gal's improper legal conclusions as "factual" in nature; (2) deflecting on Dr. Gal's unreliable methodologies by arguing this is a mere dispute between experts; and (3) deflecting on Dr. Gal's improper competitive injury analysis by arguing that because Instagram is an important driver for Lashify's consumer engagement, he can determine [redacted] The Court should grant Lashify's motion.

***Dr. Gal's Improper Legal Opinions.*** Defendants agree that that an expert may not opine on legal conclusions but assert that Dr. Gal "does not seek to tell the jury that Lashify is liable for false patent marking." Opp. at 1-2. But Dr. Gal would not have provided opinions in his report that "LASHIFY ENGAGED IN A PRACTICE OF FALSE PATENT MARKING" (Mot. Ex. A, Gal Rep. at 71) and that defendants "SUFFERED COMPETITIVE INJURY AS A RESULT OF LASHIFY'S FALSE PATENT MARKING" (*id.* at 89) if he did not intend to present them at trial. Indeed, defendants offer no rejoinder to Dr. Gal's testimony that *he determined* what *he thought* were false patent marking statements in Lashify's social media. Mot. Ex. B, Gal. Tr. 42:12-45:13; 106:6-108:21.[2] Nor do defendants contest that Dr. Gal opined that Lashify "engaged in a practice of false patent marking" (Mot. Ex. A, Gal Rep. ¶¶ 74-122). Defendants do not acknowledge, let alone challenge, *any* of the arguments Lashify made in its motion regarding Dr. Gal's legal

---

[1] Defendants' opposition is Dkt. 182 in Case No. 6:22-CV-776 and Dkt. 165 in Case No. 6:22-CV-777. Lashify filed its motion as Dkt. 153 in Case No. 6:22-CV-776 and Dkt. 138 in Case No. 6:22-CV-777. References in this brief are to Case No. 6:22-CV-776 unless otherwise noted.

[2] Defendants argue—without any legal support—that Dr. Gal needed no patent expertise to decide whether Lashify's advertisements "contained . . . patent claims at a period when there was no relevant patent that had been issued." Opp. at 2. Defendants fail to explain how Dr. Gal could determine what the "relevant" patents were or what they covered without a background in patents.

[redacted]

conclusions, including that Dr. Gal offers nothing more than a regurgitation of defendants' attorneys' argument (Mot. at 4-5), and instead defendants blindly assert that Dr. Gal will testify only about the "facts" that relate to their false patent marking counterclaims. There can be no serious dispute that these are ultimate legal conclusions, that should not be presented to the jury.[3]

"[E]xpert witnesses' use of 'judicially defined terms,' 'terms that derived their definitions from judicial interpretations,' and 'legally specialized terms' . . . constitute[s] [an] expression of opinion as to the ultimate legal conclusion.'" *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 558 (C.D. Cal. 2014). This includes opinions that a defendant "'falsely and deceptively labeled" its products." *Id.* Dr. Gal's opinions that Lashify engaged in "false patent marking" and that defendants suffered "competitive injury" should be excluded for the same reasons.

***Dr. Gal's*** [redacted] Defendants' opposition confirms that Dr. Gal's [redacted] to determine consumer engagement is unreliable and flawed. Defendants do not dispute that Dr. Gal [redacted] Mot. at 6. Dr. Gal's analysis should be excluded on this basis alone because he presupposes, without any verification, [redacted] *Id.* Nor do defendants dispute that Dr. Gal [redacted]. *Id.* Dr. Gal's reliance on [redacted] in a post is flawed because the post's content is much broader than the alleged

[3] Defendants argue that an expert opinion "is not objectionable just because it embraces an ultimate issue." Opp. at 1 (citing *Ward v. Tex. Farm Bureau*, No. 6:19-CV-00337-DTG, 2024 WL 1339111, at *3 (W.D. Tex. 2024)). But the *Ward* court addressed ultimate issues of *fact*, not ultimate legal conclusions. *Id.* None of defendants' cited cases authorize experts to proffer ultimate legal conclusions. Opp. at 1-4.

[redacted]

marking. Turning to the videos Dr. Gal identified as alleged false markings, defendants do not contest that Dr. Gal [redacted] *Id.* At bottom, defendants' opposition confirms that Dr. Gal's opinion is based on an unreliable methodology because it assumes (with no support) that [redacted] But defendants do not dispute that Dr. Gal did nothing to verify [redacted] There is also no dispute that Dr. Gal did nothing to verify [redacted].

Defendants also argue that because Lashify's expert, Dr. Joachimsthaler, looked to Instagram to rebut Dr. Gal's analysis, Dr. Gal's opinion is really a "classic case of competing experts." Opp. at 6. Defendants do not explain how Dr. Joachimsthaler's critique of Dr. Gal's work can somehow convert Dr. Gal's improper methodology to something the jury should review.

***Dr. Gal's Unreliable Competitive Injury Analysis.*** Defendants do not contest that Dr. Gal provides no basis for why he concludes [redacted] are attributable to Lashify's alleged false patent marking rather than some other reason. Opp. at 7-8; Mot. Ex. B, Gal. Tr. at 29:20-30:11. Defendants also do not dispute that, despite Dr. Gal's supposed "herculean task" of reviewing Lashify's social media, he offers no primary data or empirical analyses to show that even a single consumer would have purchased defendants' products instead of Lashify's products were it not for Lashify's alleged false patent markings. Mot. at 7. Defendants fail to rebut that Dr. Gal's competitive injury opinion is speculative, at least because he has no basis for connecting any alleged false patent marking with any tangible economic loss to Hollyren or Worldbeauty. *Id.*

Instead, defendants argue that Instagram is an important driver for Lashify's consumer

engagement, and thus any unverified, third-party statements on Lashify's Instagram about dupes, copycats, infringers, and the like, are evidence of competitive injury *to defendants*—no matter if the statements are untethered from an alleged false marking and no matter if defendants or their products are not mentioned in the statement. But defendants do not dispute that Dr. Gal [redacted].[4]

***Mr. Gunderson's Opinions that Rely on Dr. Gal.*** As Lashify explained, Mr. Gunderson blindly relies on Dr. Gal's improper opinions about false patent marking, consumer interactions, competitive injury, and time-barred claims. Mot. at 8. The Court should exclude Mr. Gunderson's opinions that rely on Dr. Gal for the reasons in this motion.

[4] Defendants' assertion that the Fifth Circuit's decision in *IQ Products Co. v. Penzoil Products Co.* and *James v. Harris County* are "easily distinguished" is incorrect. In *IQ Products*, the Fifth Circuit affirmed the district court's decision to exclude a marketing expert's opinion because he did not conduct any market or survey research to show that consumers *would have purchased* the plaintiffs' products instead of defendants' products. 305 F.3d 368, 377 (5th Cir. 2002). Likewise, *James* applies here because Dr. Gal offers no "empirical evidence to connect his general theory" to the facts. *James v. Harris County*, 577 F.3d 612, 619 (5th Cir. 2009).

[redacted]

Dated: July 19, 2024

FENWICK & WEST LLP

By: */s/ Jeffrey A. Ware*

Jeffrey A. Ware

Saina S. Shamilov, CSB No. 215636
sshamilov@fenwick.com
J. David Hadden, CSB No. 176148
dhadden@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94014
650.988.8500
Fax: 650-938-5200

Bryan A. Kohm, CSB No. 233276
bkohm@fenwick.com
Shannon Turner, CSB No. 310121
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
415.875.2300
Fax: 415.281.1350

Melanie L. Mayer, WA Bar No. 36971
mmayer@fenwick.com
Jeffrey A. Ware, WA Bar No. 43779
jware@fenwick.com
Jonathan T. McMichael, WA Bar No. 49895
jmcmichael@fenwick.com
Daniel J. Emam, WA Bar No. 59129
demam@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
206.389.4510
Fax: 206.389.4511

Todd Tucker, OH Bar No. 0065617
ttucker@calfee.com
Mark W. McDougall, OH Bar No. 0080698
mmcdougall@calfee.com
Andrew Alexander, OH Bar No. 0091167
aalexander@calfee.com
Calfee, Halter & Griswold LLP
1405 East Sixth Street

*Of Counsel*:

Deron R. Dacus (TX Bar #00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903.705.1117
Fax: 903.581.2543

[redacted]

Cleveland, OH 44114
216.622.8634
Fax: 216.241.0816

Attorneys for Plaintiff
Lashify, Inc.

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document and the attachments via electronic mail per Local Rule CV-5 on **July 19, 2024**.

*/s/ Jeffrey A. Ware*
Jeffrey A. Ware